**Marvin R. RICKEY, Jr., Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15756.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 18, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Feb. 9, 1989.

Application to Transfer Denied
March 14, 1989.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant was convicted of capital murder and sentenced to life imprisonment without the possibility of parole for 50 years. That conviction was affirmed on appeal. See *State v. Rickey*, 658 S.W.2d 951 (Mo.App. 1983). Thereafter he filed a motion under Rule 27.26, seeking to vacate that conviction and sentence.

The trial court, following an evidentiary hearing, made specific findings and denied the motion. Movant appeals. As he was convicted and sentenced and his motion was pending prior to January 1, 1988, this proceeding continues to be governed by Rule 27.26. Rule 29.15(m). This court's review is to determine whether the trial court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j).

Movant contends that the trial court erred in denying his motion as he was denied his right to due process of law and to call witnesses in his behalf because the state failed to disclose a potential witness for him. That person, Don Burton, had informed a police officer investigating the death of the victim that the victim had a reputation as a homosexual. Movant says that the state's failure to disclose Burton's identity prevented him "access to a potentially corroborating witness" and prevented his attorney from rendering effective assistance of counsel. Movant's principal defense at the criminal trial was that he killed the victim only to repel his homosexual advances.

Movant's counsel in the criminal trial testified at the motion hearing that the only thing helpful to movant that Burton could have testified to was the murder victim's reputation in the community as a homosexual. Whether such testimony is properly admissible is not a question before us. On this question see *Parisie v. Greer*, 705 F.2d 882 (7th Cir.1983) (Posner, J., concurring,

at 893) (Swygert, J., dissenting, at 900–902); *State v. Sherrill,* 657 S.W.2d 731, 741 (Mo.App.1983). The trial court found that Burton's testimony would have been merely cumulative and would not have been of additional assistance to the jury.

Movant filed a motion asking this court to transfer the record on appeal in the murder conviction so as to make it a part of the record in this matter. That motion, previously taken with the case, is sustained and the record so transferred. That record and the remaining record of this appeal has been carefully examined and considered here.

It is highly unlikely that Burton's testimony would have made any difference in the result of the criminal trial. In that trial there was testimony from a police detective that the victim had a reputation as a homosexual and that a witness admitted to him that he had a homosexual relationship with the victim on two occasions. There was also testimony from the sheriff of the county where the death occurred that the victim had a reputation for being "a little gay".

Although it objected to some of the evidence regarding the victim's sexual behavior and reputation, the state did not dispute that the victim was a homosexual. In the state's closing argument the prosecutor argued that even if the victim was a homosexual, his killing was not done in response to homosexual advances or the force used was excessive.

The trial court's finding tht the testimony of Burton would have been merely cumulative and its absence harmless to movant was not clearly erroneous. Cf. *State v. Sherrill, supra* 657 S.W.2d at 741.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.